CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY
v. DIXON.

4-6506                                        156 S. W. 2d 209

Opinion delivered December 1, 1941.

*Thos. S. Buzbee* and *A. S. Buzbee,* for appellant.

*Paul X. Williams,* for appellee.

GRIFFIN SMITH, C. J. The appeal is from a judgment for $200 on appellee's complaint alleging personal injuries.

Appellee had been "off-bearing" at a sawmill operated by Frank Nichols, and he sometimes handled lumber. In October, 1940, he was employed by Rock Island to assist in repairing a bridge. Nichols allowed appellee to use his team. Wooden piles were utilized in the construction, twenty or more having been placed near the railway.

When appellee finished his first day's work he was told by appellant's foreman to report the next morning 45 minutes ahead of regular time and to move any of the piles that were "ready." Three units (presumably those that had been creosoted, or in other respects made ready) were in the stack. Appellee "hooked" the mules to one, but could not move it; whereupon he decided to detach some of the timbers that were higher in the stack and roll them to a more convenient position. In explaining this transaction he said: "I got up there and flipped one out, and the one behind me knocked me down and rolled over me, and the one behind me pinned me down."

In describing the place where the work was done, appellee said: "The timbers were lying in rotation from the end of the [railroad cross-ties] down a thirty-foot dump to the level ground, . . . singled out. There were not any of them doubled, and that meant when you started one rolling they all rolled."

From other parts of appellee's testimony it appears that he walked or climbed to the top of the "dump." While standing "on the second piling from the top of the stack" he used a stick to pry the third piling from its position, in order that it might roll to a lower level.

None of appellant's agents or employes was present when the incident occurred. It is insisted that appellee was unfamiliar with the work he was called upon to do; that ordinarily four men were used in moving the timbers,

but during the preceding day only two workers were assigned to the task. Insistence is that such operations were dangerous, and a warning should have been given.

While it is true sufficient help ought to have been supplied, it is conceded that appellee was expected to use a team of mules. He was not expressly instructed to perform any task as to which there were concealed dangers. On the contrary, he was asked to report ahead of other employes and move units that were ''prepared.'' If it be argued that the only ''prepared'' pilings were those appellee undertook to move, the answer is that the foreman's orders were too general to have been construed by a person of ordinary understanding and prudence as a command to produce a certain result in spite of the obvious peril involved.

Appellee is forty-four years of age. He has been an out-of-doors man, and is bound to have known that weight will manifest itself through motion if support is removed. What happened is that appellee miscalculated and in doing so he was injured. But can it be said that appellant contributed in any way to the result? Appellee's comment that ''when you started one rolling they all rolled'' shows cause and effect.

There should have been an instructed verdict for the defendant. The judgment is reversed, and the cause is dismissed.

HUMPHREYS and MEHAFFY, JJ., dissent.